Tbe opinion of tbe Court was delivered by
Whitnbe, J.
A discount is in tbe nature of a cross-action in which tbe defendant is tbe actor, and by him everything must be proved necessary to maintain bis cross-action.
By our Acts of tbe Legislature, 1798 and 1816, judgments and unnegotiable notes are made assignable so far as to enable tbe assignee to sue in bis own name, which he could not do at common law. Burton vs. Gibson, 1 Hill, 56.
Such notes cannot be transferred by delivery only. Tbe assignment must be in writing. Smith vs. Lyon, Harp. 334; Gilchrist vs. Leonard, 2 Bail. 135. Hence in tbe latter case a sealed note was not allowed to be set up in discount because not thus assigned: proceeding on the doctrine, that even *375 though it might be regarded as an equitable assignment, this Court would only take notice of the legal right.
Again, in Bishop vs. Tucker, 4 Rich. 178, where one being sued and had;possession of a sealed note the discount was not allowed because it had not been actually assigned before the plaintiff’s writ issued. The same doctrine must be held in reference to judgments, and appellant’s motion must consequently fail. In this case the original suit could only have been maintained in the name of Leitch & Carrington. So too of a second suit upon the judgment, whether as an original or cross-action.
The Court has gone far to sustain the equities of the party to such a proceeding but never so far as now asked. The embarrassments of such a practice are readily suggested.
The motion for a, new trial is dismissed.
0’Nea.ll, 'Wakdla.w, Glover and Munbo, JJ., concurred.-

Motion dismissed.